

05 - 11 CG QWGY
Referred to MJ R B Collings

*You cannot bring about prosperity by discouraging thrift. You cannot strengthen the weak by weakening the strong. You cannot help the wage earner by pulling down the wage payer. You cannot further the brotherhood of man by encouraging class hatred. You cannot help the poor by destroying the rich. You cannot keep out of trouble by spending more than you earn. You cannot build character and courage by taking away man's initiative and independence. You cannot help men permanently by doing for them what they could and should do for themselves.*

Abraham Lincoln

Paid for by the Hornblower Campaign Committee.

July 24, 2005

Discrimination on Complaint too the Board of Health of the Commonwealth of Massachusetts.

As the Complainant in vain Has tried too stop the pollution of property owned by him and his two sisters. As of May 20, 04 A RI.C.O. Act was mentioned in Worcester Superior Court by Both Psychiatrist, Dr hand for the State of Massachusetts and Dr. Kennth Adlman from Westboro State Mental Hospital for the Plaintiff, So the Judge presidin said there would be an investagstion into this Claim.

Where the Plaintiff Was at Bridge Water State Hospital then Transfered too the Westboro State Mental Hospital I was in Fear For My Life and Would Like compensation, for the Harassment I have with stood from all parties involved.

The neighbor Jack's Used Auto Parts owned by Peter Foley and Sons. Has been using the Plaintiff's property were as he can not for the same purpose to Run an Auto Salvage Yard

Jack's is also Using it as a Land Fill
since 1989. Just too Mention it I
was in Business Before Jack's Used
Auto Came too this area.
   The Town and State Conservation Dept.
Town and State Health Dept. Knows
that Jack's is operating a Auto Salvage
Business into Wet Land and Getting
Away with it. While they give me
the heave Ho.
   Mr. kinney the Commissioner of Building
The Billerica Police one to Question
Office Lt Detective Richard Howe he
Plays the important part in the R.I.C.O
Act. I caught him escorting a Load of
depries onto my property thru Jack's
gate after hours.

Conflicting Interest in Complaints
Listed Civil Docket # MICV 2002-02731
and Civil Docket # MICV 2002-01437

Civil Docket # MICV 2002-02731-1
Town of Billerica et al Rivet et al
Which States I'm in Contempt of
Court. But im my Case of Civil
Complaint # MICV 2002-01437

Vernon S Rivet Jr vs Peter Foley and
Sons AKA Jack's Used Auto Parts.
That Jack's Used Auto Parts is
Trespassing on my property and doing
what they want with my property all
the while the Town and State look
the other way.

So I decide to Make a Complaint
too The Massachnsetts Board of Health
on this Issne. I spend from May
11, 04 thru March 29, 05 in Mental
Hospital owned by the State. For
What reason. I Do Not Think they
Know either. Why so Long. To Cover
up For the Big Dig. and othe officials.
I lived in fear of my Life those
Two Years. For trying to stop Pollution.
It was Only to be for 20 Day Observation
I was given Medacation Against my Will
and it has ruined me.

Also Upon leaving The Billerica
House of Correction the end of Ang 98
thru Oct 01 I could not enter my
property this I feel was an act of
Land Piracy done by Peter Foley and
Sons and the Town of Billerica. This
can be seen on the aveil Photos of thre

Land. Peter Foley and Sons AKA Jack's Used Auto Parts is still using the Land and I can not stop them. Judge says I need a Certificate of Service. I supplied all the right papers too the proper places. For A Law Suit too Stop this Action.

And now I have no choice because my two sisters have forsed the sale of the Land by the Probate Court, and they helped in the R.I.C.O. Act by being in agreement of the Blocking of the Right of Way with Lt Detective Richard Howe of the Billerica Police as being there friend, at said time. Who I caught escorting a Load of Depries onto my property thru Jack's Gate. And the Town want the property cleaned up this is not right at all

This action is a Clear Case of a R.I.C.O. Act in Motion, for the Complaint Issued and the Complaints ignored And give gratification to a business which I feel is run unsafe and has had a person killed on the property. Where abouts this person was killed I Would like too know far if it was on

the property in which he is in occupancy is mine. Then the people doing the Law Suit Against Jack's might Lose on a Technicality and that I might be at fault, for not preventing his Tresspass onto my property. Which he refuses to leave. And the Town ignors my Complaint. And I did Two years In the State Mental Hospitals for the Complaint I Brought to The Massachusetts Board of Health.

Now before my stay in the Hospitals I had Brought onto the property some Junk Auto's they were to be Used as Dumpsters from the Depries from the Big Dig. The Town would not allow me to clean it up this way.

Now if you look at the plot Plan of the area of Jack's Used Auto Part it is Located onto WetLands. But I'm forsed out of Business by this RICO Act of Motions Against Me Vernon S Rivet & and I must include my deceased Father Vernon S Rivet Sr. He paid for a Junk License and was refused.

I Live in the house of the Baby siters of Jack's when they were young.

They don't Want Me to do this
Law shit either.
    But I have every Right to
protect my Land and My Life
And My Business. I do not like
What has happened at all.

                    Sincerly Vernon S Rivet Jr.
                        Vernon S Rivet Jr.
Judy Wyman is Gaurdian at Litum
617-457-4019  State Appointed.
        Vernon S Rivet Jr.
        P.O. Box 69
        N. Billerica. 01862

    My Person too TELephone
    in this Matter is Mr. Tim Banny
he is my contact person by Phone
For Reasons above. He Filed paper
for me while I was in States so
Called Cave  Cell 978-314-8206
                978-663-9714
Also I have the phone # for one Peter
Salvucci who was the one who dumped
the depries from the Big Dig onto my
property.

Vernon Rivet Sr.
#1 Dixie Lane
Chocorua, NH 03817

Vernon R et
63 Carlisle Rd
Bedford. Ma 01730

Land Court Department
Old Courthouse Pemberton Square
Boston, MA 02108

To Whom It May Concern:

     I am writing this letter to inform the Land Court that after contacting Al Potter who has no fixed address and is the individual who did the cleanup for Jack's Junkyard on Town Farm Lane, N. Billerica, MA in 1996. He informed me that Jack's Junkyard was ordered by Vernon Rivet Sr. & Jr. the owners of Vern's Junkyard to remove all items belonging to Jack's Junkyard from their property. Since that time Jack's Junkyard has not complied with this verbal agreement. So I have decided to file a lawsuit against them for failing to remove their property from my premises. This lawsuit is for 20,000 dollars a month from 1996 to present and also for lost wages due to the fact I could not access my own 37 acres of property from August of 1998 thru October of 2001. And Also as of today still Have Trouble Access too 60' Town Farm Lane Right of Way As Designated by Town of Billerica Land maps. Also the destruction of Two Business Signs and the theft of Trap Rock too prevent Road errossion of down hill slope of Roadway too Vern's Junkyard. There is a Scattering of Depris for about 5 Acres that is not natural.

Al Potter of Ossipee NH.

*Albert Otitter*

Vernon Rivet of Chocorua NH.

*Vernon Rivet*

*Donna Moulton*

**ANNA MOULTON, Notary Public**
**My Commission Expires August 9, 2005**

From The Desk Of Daniel Rivet

I Daniel Rivet while attending the wake of my Uncle Vernon Rivet Sr. in July of 1997. I was approached by A man Who I did not know.He Greeted me and told me his name was Fred Salvucci. He proceeded to say to me. That he and his two sons where the ones that got my Uncle involved in the dumping at the Vern's Auto Parts. And that he was sorry he did this. I have know idea why the man admitted this information too me. But I feel it is important to tell this to my cousin Vernon S. Rivet Jr. For all the trouble he has gone thru on this issue of the "Big Dig" Dumping on the property of the Junk Yard "Vern's Auto Parts".

Sincerely : Daniel Rivet

Don Rivet
P.O Box 157
Phillips, Me.
04999

Vernon Rivet
63 Carlisle Rd
Bedford, Mass,
01730

01730+1534

**County of Middlesex**
**The Superior Court**

CIVIL DOCKET# **MICV2002-02731**

RE:    **Billerica et al v Rivet Jr et al**

TO: Vern S Rivet Jr
Town Farm Lane
P.O. Box 69
North Billerica, MA 01862

## NOTICE OF JUDGMENT ENTRY

This is to notify you that a judgment in the above referenced action has been entered on the docket. A copy of the judgment is attached.

Dated at Lowell, Massachusetts this 23rd day of January, 2003.

Edward J. Sullivan,
Clerk of the Courts

BY:....................................................
Michael Brennan
Assistant Clerk

Telephone: 978-453-0201

cvdnotjud_2.wpd 2313603 findings erricoc

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET# **MICV2002-02731**

Town of Billerica,
Milton H Kenny Building Inspector
vs
Vern S Rivet Jr,
Patricia Travaglia,
Deborah L Rivet



## ORDER FOR JUDGMENT

This action came on before the Court, Thomas P. Billings, Justice, presiding, and upon consideration thereof,

It is **ORDERED and ADJUDGED:**

The Defendant, Vern S. Rivet, is adjudged to be in Contempt of the provisions of paragraph 3 of this Court's Injunction dated July 8, 2002 in this proceeding.

The Town is hereby authorized to enter-or to retain an appropriately licensed contractor as its agent to enter-upon the three Defendants' property on Town Farm Lane, during daylight hours, and remove and dispose of the automobiles and automobile parts referred to in paragraph 3 of the Court's Injunction of July 8, 2002.

All reasonable charges for removal, transportation, storage, and/or disposal shall become the obligation of the Defendant, Vern S. Rivet, Jr. The Town may, if it seeks reimbursement of any such charges, submit duly authenticated receipts or other documentation of all charges incurred, together with a Motion that Judgment enter against the Defendant, Vern S. Rivet, Jr., in the amount of the charges, and/or (if something less than a final judgment is appropriate) for prejudgment security (for example, an attachment on Defendant's interest in the Town Farm Lane property).

# Commonwealth of Massacnusetts
## County of Middlesex
### The Superior Court

Dated at Lowell, Massachusetts this 23rd day of January, 2003.

Entered: January 23, 2003.

Edward J. Sullivan,
Clerk of the Courts

Approved as to Form:

By the Court,

Justice of the Superior Court

By: *Michael M Brennan*
Assistant Clerk

Copies mailed 01/23/2003

**Commonwealth of Massachusetts**
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2002-02731-L**

RE:    Billerica et al v Rivet Jr et al

TO:    Vern S Rivet Jr
Town Farm Lane
P.O. Box 69
North Billerica, MA 01862

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **01/23/2003** the following entry was made on the above referenced docket:

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT OF CONTEMPT (which see). ORDER FOR JUDGMENT: The Defendant, Vern S. Rivet,is adjudged to be in contempt of the provisions of paragraph 3 of this Court's injunction dated July 8, 2002 in this proceeding. The Town is hereby authorized to enter-or to retain an appropriately licensed contractor as its agent to enter-upon the three defendants' property on Town Farm Lane, during daylight hours, and remove and dispose of the automobiles and automobile parts referred to in paragraph 3 of the Court's Injunction of July 8, 2002. All reasonable charges for removal, transportation, storage, and/or disposal shall become the obligation of the Defendant, Vern S. Rivet, Jr. The Town may, if it seeks reimbursement of any such charges, submit duly authenticated receipts or other documentation of all charges incurred, together with a Motion that Judgment enter against the Defendant, Vern S. Rivet, Jr., in the amount of the charges, and/or (if something less than a final judgment is appropriate) for prejudgment security (for example, an attachment on Defendant's interest in the Town Farm Lane property). (Thomas P. Billings, Associate Justice). dated January 23, 2003 and entered January 23,2003. copies mailed 1/23/03.**

Dated at Lowell, Massachusetts this 23rd day of January, 2003.

Edward J. Sullivan,
Clerk of the Courts

BY: Michael Brennan
Assistant Clerk

cvdgeneric_2.wpd 2313603 findings erricoc

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                 /6                SUPERIOR COURT
                                                 CIVIL ACTION
                                                 No. 02-2731

TOWN OF BILLERICA

vs.

VERN S. RIVET, JR. and others[1]

****

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT OF CONTEMPT

At an evidentiary hearing on January 21, 2003 I took testimony and documentary evidence

on the Town's complaint for contempt against defendant Vern S. Rivet, Jr. (herein, the "defendant"

singular. The co-defendants are his sisters and co-owners of the property in question, but were not

subjects of the contempt proceedings). The Town was represented by counsel; the defendant

appeared *pro se*.

## FINDINGS OF FACT

On the basis of the credible evidence, I make the following findings of fact.

1.    The Town filed the original Complaint in this action following two cease-and-desist

      notices pertaining to property on Town Farm Lane, dated April 16, 2002 and May 22,

      2002, the former addressed to all three owners and the later to defendant Vern Rivet.

2.    On July 8, 2002 the Court (Gants, J.) entered a preliminary injunction. It provided,

      in pertinent part:

            [T]he defendant Vern Rivet, J. ("Mr. Rivet"), pending final
            adjudication of this case, is ORDERED forthwith to:

---

[1]Patricia Travaglia and Deborah L. Rivet.

r

3.    No later than August 9, 2002, remove all "junk" automobiles and automobile parts that have been dumped on his property since January 1, 2002, including but not limited to the roughly 25 automobiles described in the April 16, 2002 letter to him from Mr. Kinney, Inspector of Buildings.[2]

4.    The defendant by his own admission has not removed or arranged for the removal of any automobiles since the date of the injunction, except that one auto has been removed (for reasons which he left unspecified, but which, I infer, were not related to the injunction). No parts have been removed except as noted in footnote 2 (again, for reasons unrelated to the injunction). The defendant has not contacted the town's zoning enforcement officer or its Board of Health or Conservation Commission regarding compliance with the order. In fact, so far as appears in the record before me, he has done nothing whatsoever to comply.

5.    The defendant testified that he has been quoted $60 per vehicle for removal and disposal of the vehicles, and stated in general terms that he is financially unable to effect the removal of the automobile and parts. He did not introduce any evidence concerning his income or capital assets, however.

6.    There is presently snow on the ground. The defendant testified that this fact will impede any effort to remove the vehicles. I do not credit this testimony, however, but

_____

[2]The injunction also required to the defendant to cease and desist from operating the property as an automobile salvage or junk yard; cease and desist from dumping automobiles, construction debris, and hazardous waste thereon; and permit the Inspector of Buildings to access the property, without advance notice and during specified hours. There was no evidence that the defendant has violated the injunction in any of these particulars, with the arguable and minor exception that some parts may have been removed during 2002 from autos stored on the property, either by their owners or for sale. This testimony was non-specific as to time, however, and so the Town has not proven a violation of the injunction in this respect.

-2-

rather credit the testimony of Mr. Kinney, the Commissioner of Buildings, that a

four-wheel drive vehicle is able to navigate the property without difficulty, and I infer

that the vehicles can in fact be removed at this time.

## CONCLUSIONS OF LAW

The defendant Vern Rivet's failure to remove the automobiles and parts specified in

paragraph 3 of the July 8, 2002 injunction constitutes "a clear and undoubted disobedience of a clear

and unequivocal command" of the Court. Stabile v. Stabile, 55 Mass. App. Ct. 724, 726 (2002).

He therefore is adjudged to be in contempt of that injunction.

The task before me, therefore, is to fashion an order calculated "to achieve compliance with

the court's order[] for the benefit of the complainant." Furtado v. Furtado, 380 Mass. 137, 141

(1980). As noted above, the defendant claims he is financially unable to effect removal of the cars

and parts, but introduced no evidence as to his financial condition. He also testified that the vehicles

cannot be removed because of snow, but I do not credit this testimony. The defendant therefore has

not "show[n] that he is unable to comply." See Sodones v. Sodones, 366 Mass. 121, 130(1974).

A civil contempt remedy is therefore appropriate, and will issue in accordance with the Order

for Judgment, below. I pause here to explain the reason for the sanction imposed. The Town urges,

"reluctantly" but forcefully, that the sanction imposed include incarceration. The circumstances –

particularly, the egregiousness of the contempt and the public interest in achieving speedy

compliance, at the defendant's expense if at all feasible – are such that I have given this option

serious consideration. I have considered carefully a remedy that would provide that the defendant

has a stated period (for example, 30 days) to effect the removal himself; that if he has not done so

in that time, that he will then be incarcerated; that the Town may then perform the removal, at the

-3-

defendant's expense; that the defendant will be released by a date certain (for example, in 60 days) or when the removal has been accomplished, whichever is sooner; and that the Town's claim for reimbursement will be a lien on the property, by way of attachment if the case has not been fully adjudicated, by execution if it has been.

There are at least two flaws with this approach. One is that incarceration for civil contempt is meant to give the contemnor the keys to his own prison, i.e., to enable him to effect his release by complying with the order. The order outlined above really would put the keys in the Town's hands, not the defendant's, since the date of the defendant's release would depend on when the removal of the autos and parts was completed; his own ability to effectuate this would be significantly impaired; and he would therefore, practically speaking, be dependent on the Town's energies. This would be a situation of the defendant's own making, but better avoided nonetheless.

A still more serious objection to any sanction involving incarceration is that the defendant proceeded at the contempt trial *pro se*, and the Court did not offer him appointed counsel or have him interviewed as to indigency. Although no reported Massachusetts case has addressed the issue, "the overwhelming majority of courts around the country have held that due process requires the appointment of counsel for indigents in civil contempt proceedings if they are sentenced to imprisonment." Rutherford v. Rutherford, 296 Md. 347, 464 A.2d 228 (1983); *accord*, Russell v. Armitage, 166 Vt. 392, 697 A.2d 630 (1997). Cf. Furtado, 380 Mass. at 142 (right to counsel attaches to *criminal* contempt proceeding "if a sentence of imprisonment may be imposed").

Particularly where the efficacy of incarceration in the circumstances of this case is at least open to serious question, I think it best to err on the side of caution, and not order incarceration. The

-4-

order below reflects my best judgment as to how to achieve compliance with the July 8 injunction, while still complying with constitutional commands.

One more observation. The present proceedings are narrow in scope, and adjudicate only the defendant's contempt of the July 8 order and the remedy therefor. Even that Order was preliminary only. This Order cannot, and is not intended to, supplant whatever other remedies the Town may have for whatever violations of law it may prove.

### ORDER FOR JUDGMENT

The defendant, Vern S. Rivet, is adjudged to be in contempt of the provisions of paragraph 3 of this Court's injunction dated July 8, 2002 in this proceeding.

The Town is hereby authorized to enter – or to retain an appropriately licensed contractor as its agent to enter – upon the three defendants' property on Town Farm Lane, during daylight hours, and remove and dispose of the automobiles and automobile parts referred to in paragraph 3 of the Court's injunction of July 8, 2002.

All reasonable charges for removal, transportation, storage, and/or disposal shall become the obligation of the defendant Vern S. Rivet, Jr. The Town may, if it seeks reimbursement of any such charges, submit duly authenticated receipts or other documentation of all charges incurred, together with a motion that judgment enter against the defendant Vern S. Rivet, Jr. in the amount of the charges, and/or (if something less than a final judgment is appropriate) for prejudgment security (for example, an attachment on defendant's interest in the Town Farm Lane property).

Thomas P. Billings, Associate Justice

Dated: January 23, 2003

Entered; January 23, 2003

-5-



*Chief Probation Office*

(978)
Area Code (508) 459-4

## LOWELL DIVISION

41 Hurd Street

Lowell, Massachusetts 01852

August 16, 2004
Date

‌hn Morris Billerica Board of v.    Vernon Rivet Jr.
‌mplainant/Plaintiff   Health    Defendant

0411 HR 0596
‌cket #

‌ES WHOSE INTEREST APPEARS OF RECORD IN THE ABOVE CITED
‌E HEREBY NOTIFIED THAT THE PROCEEDINGS, PREVIOUSLY
FOR HEARING ON ___May 28, 2004___
RESCHEDULED.

‌R IS NOW SCHEDULED FOR HEARING ON:

‌ 27, 2004            AT        9:30 a.m.
‌Hearing Date                   Time

‌ES, ATTORNEYS, AND OTHER NECESSARY PERSONS MUST APPEAR
‌TE AND TIME INDICATED, PREPARED TO GO FORWARD.

NEIL J. WALKER, ESQ., FIRST JUSTICE

on S Rivet Jr
arlisle Road
ord, MA

## JUDGMENT OF

## DISMISSAL UNDER STANDING ORDER 1 - 88

n came on before the Court, pursuant to Standing Order 1-88, and it
 that service of process has not been completed upon the defendant(s)
elow, it is ORDERED and ADJUDGED that the complaint is hereby
, without prejudice, with respect to said defendant(s).

oley and Sons Jack's Auto Parts,

ement may be vacated only by the Regional Administrative Justice (or designee).

 28th day of January, 2003.

Thomas P Billings, Justice

Edward J. Sullivan
Clerk of Courts

BY:

Michael Brennan
Assistant Clerk

e: 978-453-0201

Survey Map

Commonwealth of Massachusetts
Middlesex Superior Court
360 Gorham Street
Lowell, Ma 01852

Civil Docket #MICV2002
-01437

At this said time I would like to point out to this Honorable Court that it is in contempt
unto itself. By not honoring it own policies and by not following guide lines set in place pervious
by Judge Sabin Lord Jan. 29th 1992 regarding the discarding of debris onto the Rotandi's
Property thus mentioned now Vernon S Rivet property bought August of 1995. Which I might
add ended the lawsuit the Rotundi's had with Vern's Auto Parts.

Now long comes Vernon S Rivet Jr too protect the Environment and the mention 100
year- flood plain. As stated on topographical map. Which was a important fact on in the dumping
that went on in 1989 and to the present day dumping on this property in question.

In DEP file book 307090-P238 to P247, which it states all the guideline to follow. By
town officials and this honorable court system. Let me take the time to point out page 241 Ref 48
quote: There shall be no stock piling of debris, fill , or excauated materials within 100 ft of a wet
land unless specifically permitted by the Department. No debris, fill , or excauated materials shall
be stock piled within the 100 years - flood plain unless specifically permitted by the Department.

And next Ref 49 Quote: At no time shall debris or other materials be buried or disposed
of with in the 100 year- flood plain or with in 100 feet of wet land with the exception of fill
specifically permitted in this superseding order.

This whole intive file has to do with the map 005 lot 0014 and being a portion of the
premises conveyed onto Vernon S Rivet by deed recorded in book 2650 page 428.

Jacks Auto Parts a severely violated the terms and conditions that have never been
resolved in a court of law. The town and it official condone this action by overseeing that he is
permitted to junk license to run a salvage yard onto the 100 year- flood plain. And has seriouly
encrouched on lot 0014 as to take timber which has value and too use the land to dump debris
without owners consent and with Billerica Police Escort which I reported to State Police Concord
Barracks and Billerica police July 31 2002.

Which now come to the burden of the proof of ownership by the estate of Vernon S
Rivet.

May I also point out the fact that the Town of Billerica upon filing there Lawsuit Docked
#MICV2002-02731 was not apporiate in filing the lawsuit which should have been filed against
the estate and not the heirs of the estate.

Vernon S Rivet Sr. Which comes not too the burden of the proof of ownership. Papers
filed in probate court Cambridge, Mass.

They targeted me Vernon S Rivet Jr who was trying to perform a cleanup of the property
at lot 0013 . Where as the honorable court of Cambridge Superior Court States on Jan 3 of 2000
under the provision that one Peter Salucci do a cleanup. Court states its all cleaned up. Jan 23
2003 Lowell Superior Court tried again for the same debris on the ground that been there seen
1996 according to areil photo taken of site two photo's march 1995 and 2nd photo Jan 2001.

Which by close examination of photos shows the Town Farm Lane not accesiable to Lot
0014 & 0013, because of a bunch of disabled machines in roadway. Done by neighbor Peter

Foley and Son's. With Police and Town Official in town, Which now comes to mention of a R.I..C.O. act to oust me from business and do a clean-up that was court order. Again same time this gives them free reigh to dump debris on Lot 0014. Have informed all Enviromental Agencies and the Army Corps of Engineers and I get no results.

This picture is taken off the Internet and done a super imposed picture of property lines as an overlay to scale over picture of the property taken by satelite. Done by a certified Computer Teacher that works for the US Goverment. The Topographic is ther showing of Wetlands, but the Topographic map for the 100 year-Flood plain was to fuzzy to put on overlay. The map picture is very important I feel as evidence of Tresspass, willingly done by Jacks Auto Parts after my father has to do a clean up. On the Jan. 2000 Satelite photo you can see the right way blocked and over growth of weeds, and also the pile of tires mentioned in Town Law Suit MICV2002-02731 as stated something dumped that is new, which is not. With overlay of the Topographic Map clearly indicates Violation of Wetlands allowed by the Town of Billerica in the 100th year-floodplain. My father complained to Jack's Auto Parts paid one Al Potter too do so, and I have a notorized statement from him where I found him living in New Hampshire. Judge Billings denied the facts presented before him Jan. 23, 2003.

Vernon Rivet Jr





Law: Complaint a. The presentation by
the plaintiff in a civil action, setting
forth the claim on which relife is sought
b. a formal charge, made under oath, of
the commission of a crime or other
such offense

# OFFICE OF THE ATTORNEY GENERAL
## Civil Rights Complaint Form

**TOM REILLY**
**ATTORNEY GENERAL**



**Civil Rights Division**
One Ashburton Place
Boston, MA 02108
(617) 727-2200
(617) 727-4765 (TTY)

If, due to a disability, you seek an accommodation in filing
a complaint, please call 727-2200 or TTY 727-4765.

| COMPLAINANT | COMPLAINT AGAINST |
|---|---|
| Name Vernon S. Rivet Jr. | Name Town of Billerica and the State of Massachusetts |
| Address P.O. Box 69 | Address |
| N. Billerica, Ma | This is a R.I.C.O. Act, |
| Phone # (home) | Phone # |
| Work # (other) | Relationship to you |

## NATURE OF COMPLAINT (please check)
(1) ✓ Employment Discrimination
(2) ___Housing Discrimination
(3) ___Credit Discrimination
(4) ✓Harassment  ✓Intimidation  ✓Threats  ✓Coercion
(5) ✓ Other Discrimination in the Form of A R.I.C.O. Act Done.

If you have checked any of the above, please indicate the basis of the civil rights violation or discrimination
below (you may check more than one category):

___Race  ___National Origin  ✓Disability  ___Religion  ___Sexual Orientation  ___Gender

___Age  ___Ethnicity  ___Section 8 Status (Housing)  ___Children (Housing)

___Public Assistance (Housing)  ___Marital Status (Housing)

___Retaliation for Filing a Complaint  Other: Has Caused my disability

(6)  ✓Complaint Against Police Officer/Department Lt Detective Richard Howe
                                                    (City/Town)

(over)

This picture is taken off the Internet it is much clearer without the over lay of the topographic Map. But the Map I Feel is very important in this case when the court failed to send out people too in speect the cleanup.

Not clearly shown but can be seen is the Blockade of Autos and Trucks, That Blocked Access from Aug 98 thru Oct 2001 3rd week there of. Also Access Road shows over groth of Weeds on Right of Way.
With the ovevlay of the topographic Map Clearly Indicates Violation of Wetlands Allowed By the Town of Billerica.
Also clearly shows that Jack's Auto Parts has been Tresspassing and Utilizing the property in Question since 1996 and I want compensation for it use as is for whatever use he is using the land for. Which I believe to be of criminal intent of a Violation of Wetlands. and Flood Plain.
My father oomplained to Jack's in 1996 to remove all debris From said land and Jack's paid                    too do so, and I have paper signed by him as proof of said Action and Noterized in New Hampshive were I Found him.
Judge Billings denied the Fact presented Before him Jan 23, 2002.

Survey map overlaid on satellite photo



www.Terraserver.com
Photo Taken 11/1/2000

http://terraserver.homeadvisor.msn.com  USGS Photo 3/29/1995

Town Farm Lane, North Billerica, Mass. About June 1998 - Satellite Photo Provided through Terraserver.com



JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Vernon S Rivet Jr. Pro Se

**DEFENDANTS** Town of Billerica Board of Health Conservation, Building Department, Police Also Comm. of Mass.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

05 - 11620 WGY

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |   Liability  ☐ 365 Personal Injury — |   of Property 21 USC 881 |   28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
|   & Enforcement of Judgment |   Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights |   Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |   Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
|   Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** |   Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
|   (Excl. Veterans) | ☐ 345 Marine Product  ☐ 370 Other Fraud | ☐ 690 Other | |   Exchange |
| ☐ 153 Recovery of Overpayment |   Liability  ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** |   12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |   Product Liability  ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   Product Liability |   Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence |   & Disclosure Act | | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 240 Torts to Land |   Accommodations  ☐ 530 General | | |   Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other | |   or Defendant) |   State Statutes |
| |   ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS — Third Party | ☐ 890 Other Statutory Actions |
| |   ☐ 555 Prison Condition |   Security Act |   26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

R.I.C.O. Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 ML

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ☒    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ___  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 270, 371,
                 380, 385, 450, 891.

    ___  IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___  V.      150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?

                                                            YES            NO

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                            YES            NO

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                            YES            NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?

                    it Has                                  YES            NO

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                            YES            NO

        A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

                EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

        B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
                GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

                EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Cover sheet local.wpd  - 11/27/00)